UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE (UB-00004),<br>Plaintiff,<br>v.<br>UBER TECHNOLOGIES, INC., *et al.*,<br>Defendants. | Case No. 1:26-cv-05718-KES-CDB<br>ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION TO PROCEED UNDER PSEUDONYM<br>(Doc. 2) |

Plaintiff Jane Doe (UB-00004) ("Plaintiff") initiated this action with the filing of complaint against Defendants Uber Technologies, Inc. and Raiser-CA, LLC ("Defendants") on July 22, 2026. (Doc. 1). In the complaint, Plaintiff alleges this case "seeks compensation for the harms and losses she sustained as a result of being a victim of sex trafficking that occurred when she was 16 and 17 years old as well as being the victim of sexual assault." *Id.* ¶ 1. Plaintiff alleges in the complaint that she is filing a motion to proceed anonymously based on the inherently intimate and personal nature of the allegations. *Id.* ¶ 8 n. 1.

**Plaintiff's Request to Proceed Under Pseudonym**

Pending before the Court is Plaintiff's *ex parte* motion to proceed under pseudonym, filed on July 22, 2026. (Doc. 2). Plaintiff seeks to proceed under the pseudonym "Jane Doe (UB-00004)" because the allegations in the complaint reflect that "she was trafficked for commercial sex beginning at age [16] and subjected to repeated sexual assault, violence, coercion, and exploitation over multiple

years at Defendants' motel properties" and public disclosure of her identity "would expose her to severe embarrassment, retraumatization, stigma, and potential safety risks associated with her traffickers, purchasers of commercial sex acts, and others connected to the trafficking venture." *Id.* at 2. Plaintiff contends good cause exists to permit Plaintiff to proceed under a pseudonym because her claim involves her history as a victim of human trafficking and sexual assault, "a subject matter clearly of sensitive and highly personal nature." *Id.* Plaintiff asserts that Defendants would suffer little to no prejudice if she is permitted to proceed using a pseudonym because she is willing to disclose her true identity to Defendants subject to an appropriate protective order governing confidentiality and limiting public dissemination of her identifying information. *Id.* at 3.

**A. Governing Authority**

"[M]any federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). "In this circuit…parties [may] use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). "[A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id*. at 1068.

The Ninth Circuit has identified three situations in which parties have been allowed to proceed under pseudonyms: "(1) when the identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution…" *Id*. (citations and internal quotations marks omitted). In evaluating such a request, courts should consider the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.*

"The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice … [as well

as] decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068-69. "To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: '(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears … (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest.'" *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

**B. Analysis**

The Court has reviewed Plaintiff's request and finds the reasons advanced for proceeding under pseudonym warrant granting the relief requested. Because Plaintiff represents that she is willing to disclose her identity to counsel for Defendants subject to appropriate safeguards, such as under an appropriate protective order, the Court finds that Defendants would not suffer material prejudice if Plaintiff were allowed to proceed under pseudonym. Therefore, this factor weighs in favor of granting Plaintiff's requested relief.

While the Court is mindful of the public's interest in knowing the identity of the parties, after reviewing the record and considering the nature of the potential harm to which Plaintiff may be exposed, the reasonableness of Plaintiff's fears relating to threat of future harm, the sensitive nature of allegations of sexual assault and exploitation against Plaintiff, and any potential prejudice to Defendants as well as the public's interest in this action, the Court finds that, at this early stage of the litigation, Plaintiff's need for anonymity outweighs the competing interests. *See Advanced Textile Corp.*, 214 F.3d at 1067-68 ("In this circuit, we allowed parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary … to protect a person from harassment, injury, ridicule, or personal embarrassment.'") (citing *United States. v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)); *Kamehameha Schools*, 596 F.3d at 1043-44 (noting that a plaintiff's reasonable fear of physical harm if his identity is revealed weighs in favor of permitting a plaintiff to proceed by pseudonym). Therefore, the Court will grant Plaintiff's request to proceed under pseudonym in this action.

As Defendants have not yet appeared in this action, the Court's order will permit Defendants to seek reconsideration of this ruling following their appearance in the action. *See Doe #3 v. California*,

No. 1:23-cv-00868-JLT-BAM, 2023 WL 3996476, at *2 (E.D. Cal. June 14, 2023) (granting *ex parte* motion to proceed by pseudonym where action involved allegations of sexual assault and rape by correctional officer, subject to reconsideration when defendants appear in action); accord *J.I. v. United States*, No. 18-cv-00363-LJO-SAB, 2018 WL 1474355, at *3 (E.D. Cal. Mar. 26, 2018).

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed under pseudonym (Doc. 2) is GRANTED. All parties and their counsel shall use the pseudonym "Jane Doe (UB-00004)" in place of Plaintiff's legal name in all future pleadings and papers filed in this action; and
2. The parties are prohibited from disclosing or publishing the true name of Plaintiff except by order of this Court and as necessary toward the prosecution or defense of the case.

IT IS SO ORDERED.

Dated: **August 19, 2026**

UNITED STATES MAGISTRATE JUDGE